IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KARL WAGNER,

                Plaintiff,                        ORDER

    v.
                                                      17-cv-159-wmc

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                Defendant.

      Pursuant to 42 U.S.C. § 405(g), plaintiff seeks judicial review of a final decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, which denied his application for Social Security Disability Insurance Benefits and Supplemental Security Income. Wagner contends that the Administrative Law Judge ("ALJ") erred in finding him "not disabled" under the statute. More specifically, Wagner contends that the ALJ failed to explain the basis for adopting a 10% off-task limitation in formulating claimant's residual functional capacity in hypothetical questions to the vocational expert. (Pl.'s Opening Br. (dkt. #10) 18.) This court recently reversed denials of benefits in two cases involving similar challenges based on an ALJ's failure to explain the reasons for the seemingly arbitrary adoption of a 10% off-task limitation in the respective RFCs. *See Bolssen v. Berryhill*, No. 15-cv-824 (W.D. Wis. Sept. 21, 2017) (dkt. #15); *Smith-White v. Berryhill*, No. 15-cv-612 (W.D. Wis. Sept. 21, 2017) (dkt. #14).[1]

      In so ruling, the court principally relied on the Seventh Circuit's guidance as set forth recently in *Lanigan v. Berryhill*, 865 F.3d 558 (7th Cir. 2017). In *Lanigan*, the court

---

[1] *See also Rapp v. Colvin*, No. 12-cv-353-wmc, 2015 WL 1268327 (W.D. Wis. Mar. 19, 2015); *Olivarez v. Colvin*, No. 12-cv-884-wmc, 2015 WL 1506084 (W.D. Wis. Apr. 1, 2015).

vacated the denial of disability benefits and remanded for further proceedings on the basis that the ALJ had failed to "build an accurate and logical bridge" between the 10% off task-finding and the record as a whole.  *Id.* at 563.

Given the similarity of the factual and legal issues raised here, the court directs the Commissioner to advise why remand in this case is *not* warranted in light of these recent opinions.  If upon review of these cases, the Commissioner concludes that remand *is* warranted, the parties are instructed to stipulate to a remand pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), including an award of reasonable fees and costs to plaintiff.  To assist the ALJ on remand, any stipulation should make reference to the deficiencies recognized in this order, along with any other arguably meritorious deficiencies that are raised in briefing.

ORDER

IT IS ORDERED that the Commissioner shall advise why remand is not required on or before October 13, 2017.

Entered this 22nd day of September, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge